UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:12-cr-94 |
| ) | |
| v. ) | |
| ) | MATTICE / LEE |
| VICKI HARDIN ) | |

REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b), I conducted a plea hearing in this case on June 27, 2013. At the hearing, defendant moved to withdraw her not guilty plea to Count One of the eleven-count Indictment and entered a plea of guilty to the lesser included offense of the charge in Count One, that is of conspiracy to manufacture and distribute five grams or more of methamphetamine (actual), a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B) in exchange for the undertakings made by the government in the written plea agreement. On the basis of the record made at the hearing, I find the defendant is fully capable and competent to enter an informed plea; the plea is made knowingly and with full understanding of each of the rights waived by defendant; the plea is made voluntarily and free from any force, threats, or promises, apart from the promises in the plea agreement; the defendant understands the nature of the charge and penalties provided by law; and the plea has a sufficient basis in fact.

Therefore, I **RECOMMEND** defendant's motion to withdraw her not guilty plea to Count One of the Indictment be granted, her plea of guilty to the lesser included offense of the charge in Count One, that is of conspiracy to manufacture and distribute five grams or more of methamphetamine (actual), a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B) be accepted, the Court adjudicate defendant guilty of the lesser included

offense of the charge in Count One of the Indictment, that is of conspiracy to manufacture and distribute five grams or more of methamphetamine (actual), a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B), and a decision on whether to accept the plea agreement be deferred until sentencing. Defendant's bond was revoked and I further **RECOMMEND** defendant remain in custody until sentencing in this matter.. Acceptance of the plea, adjudication of guilt, acceptance of the plea agreement, and imposition of sentence are specifically reserved for the district judge.

 s/ *Susan K. Lee*
 SUSAN K. LEE
 UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

You have the right to *de novo* review of the foregoing findings by the district judge. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than fourteen days after the plea hearing. Failure to file objections within fourteen days constitutes a waiver of any further right to challenge the plea of guilty in this matter. See 28 U.S.C. §636(b).

2

Case 1:12-cr-00094-HSM-SKL   Document 165   Filed 07/02/13   Page 2 of 2   PageID #: 335